UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY G., | ) |
| Plaintiff, | ) No. 20-cv-4456 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nancy G.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits. The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment (dkt. 12) is GRANTED and Defendant's motion for summary judgment (dkt. 19) is DENIED; the Court hereby remands this matter for further proceedings.

**1.     Social Security Regulations and Standard of Review**

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

---

[1]     In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

**2.      Procedural Background**

On January 21, 2016, Plaintiff protectively applied for Disability Insurance Benefits, alleging disability beginning December 29, 2015. (Administrative Record ("R.") 13.) Plaintiff's claim was denied initially and upon reconsideration. *Id*. Upon timely request, a May 21, 2019 Administrative Hearing was held.[2] (R. 38-93.) Subsequently, Administrative Law Judge ("ALJ") Patricia Kendall issued an unfavorable decision on July 5, 2019, following the familiar Five Step analysis applicable to Social Security Disability cases. (R. 13-26.) Ultimately, the ALJ found Plaintiff not disabled under the Act. (R. 26.) Plaintiff requested and was denied Appeals Council review (R. 1-3), causing the ALJ's decision to constitute the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g); *see, also,* 20 C.F.R. § 404.981; *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff, through counsel, filed the instant action on July 29, 2020, seeking review of the Commissioner's decision. (Dkt. 1.)

**3.      Discussion**

In her summary judgment motion, Plaintiff alleges, *inter alia*, the ALJ's assessment of her treating physician Dr. William Sarantos, M.D.'s notes was legally insufficient because the ALJ found large portions of the doctor's notes generally illegible. After assessing the parties' arguments on this issue, the Court agrees the ALJ's assessment lacked sufficient evidentiary support. The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez*, 336 F.3d at 539. Dr. Sarantos treated Plaintiff regularly and longitudinally, and made several handwritten notes opining that Plaintiff was "totally disabled" and "unable to return to work." (R. 23, 900, 908, 915, 918-19, 927, 1002). These notations occurred on roughly 50 pages of the Administrative Record the ALJ found "mostly

---

[2]      The ALJ lists the valid reasons for this seemingly long delay in footnote 1 of her decision. (R. 13.)

handwritten and largely illegible." (R. 19). In fact, the ALJ made four references in her opinion to the illegibility of Dr. Sarantos's records. (R. 16, 19, 20, 22.) While the ALJ's decision facially purports the evidence in the Record as a whole was sufficient to make a disability determination, *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004), one cannot make a determination about whether Dr. Sarantos's handwritten notes and any medical opinions contained therein are well-supported and consistent with the rest of the record evidence if one cannot read the 50-pages of information that surrounds and supports those opinions. The Court cannot meaningfully review the ALJ's decision given the deficiency created in the record by the illegibility of the treatment notes of Plaintiff's primary care physician. Although ALJs have "the flexibility to determine how best to resolve inconsistencies and insufficiencies in the evidence," the ALJ must take *some* action to resolve this deficiency in the record instead of merely making multiple notations as to the illegibility of Dr. Sarantos's records. 76 Fed. R. 70, 20282-84. The ALJ erred in failing to develop the record in this regard. Thus, this matter is remanded for further proceedings. On remand, if the ALJ is unable to read Dr. Sarantos's notes, the ALJ should attempt to obtain a legible transcript or otherwise develop the record as needed to render a complete assessment of Dr. Sarantos's opinions.

**4.    Conclusion**

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court declines to reach a decision on any other bases of error raised by the Plaintiff. Plaintiff's Motion for Summary Judgment (dkt. 12) is GRANTED; Defendant's Motion for Summary Judgment (dkt. 19) is DENIED.

Entered: April 18, 2022

_____
Susan E. Cox,
United States Magistrate Judge